IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA J. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:20-cv-1605 |
| | ) |
| AHEPA MANAGEMENT COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff Linda J. Davis, by counsel, for her Complaint for Damages and Demand for Trial by Jury, states as follows:

**I. INTRODUCTION**

1. This is an action brought by Linda J. Davis ("Ms. Davis") against Defendant AHEPA Management Company, Inc. ("Defendant" or "AHEPA"), between which parties there was an employment relationship. Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), by discriminating against Ms. Davis on the basis of her disabilities and retaliating against Ms. Davis after she requested accommodations. Defendant acted deliberately and violated Ms. Davis' civil rights because of her disabilities.

## II. EEOC COMPLIANCE

2. Ms. Davis exhausted all of the administrative proceedings available to her by timely filing a Charge of Discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC").

3. Ms. Davis filed her initial Charge of Discrimination with the EEOC on or about April 8, 2019. A copy of Ms. Davis' Charge is attached hereto and marked as Exhibit 1.

4. Ms. Davis' Charge was timely filed in compliance with 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

5. Ms. Davis received a Dismissal and Notice of Rights of her initial Charge of Discrimination on March 16, 2020, which was dated March 12, 2020. A true and accurate copy of the initial Dismissal and Notice of Rights is attached hereto and marked as Exhibit 2.

6. Ms. Davis' Complaint was timely filed within ninety (90) days of receipt by Ms. Davis of the Dismissal and Notice of Rights.

## III. JURISDICTION

7. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*.

8. Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 42 U.S.C. § 12117.

9. The alleged discriminatory acts were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## IV. VENUE

10. Ms. Davis is a resident of Marion County in the State of Indiana, and is a citizen of the United States of America.

11. Defendant AHEPA Management's headquarters are located in Fishers, Hamilton County, Indiana.

12. The discriminatory acts under the ADA alleged below arose in Hamilton County, Indiana and Marion County, Indiana. Hamilton County and Marion County are located in the Southern District of Indiana; thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the Defendant resides or in which the cause of action arose.

## V. PLAINTIFF

13. Ms. Davis is a citizen of the United States, and is currently, as she was during all times relevant to this Complaint, a resident of Marion County in the State of Indiana.

14. Ms. Davis resides in Indianapolis, Indiana.

15. Ms. Davis is a person entitled to protection under the ADA based on her disabilities.

## VI. DEFENDANT

16. AHEPA Management is located at 10706 Sky Prairie Street, Fishers, Indiana 46038.

17. AHEPA Management is located in and does business in the State of Indiana.

18. At all times relevant to this action, Defendant employed Ms. Davis.

## VII. STATEMENT OF FACTS

19. Ms. Davis was hired in June of 2006 at AHEPA Management Company.

20. Most recently, she served as an Assistant Vice President at AHEPA.

21. Ms. Davis was always highly successful in her role at AHEPA.

22. In October of 2017, Ms. Davis was in an automobile accident with a semi.

23. Following her FMLA leave due to her accident, Ms. Davis returned to her position at AHEPA in December of 2017.

24. She requested an accommodation of working remotely from home when she returned to work in December of 2017.

25. This reasonable accommodation of working remotely was necessary because of Ms. Davis' disabilities following her accident.

26. As a result of the accident, Ms. Davis suffered from and still continues to suffer from chronic Post Traumatic Stress Disorder (PTSD) as well as extreme anxiety and panic attacks.

27. While Ms. Davis worked remotely beginning in December of 2017, she always met and exceeded all of her goals.

28. Beginning in September of 2018, AHEPA informed Ms. Davis that it could no longer accommodate her with a reasonable accommodation of working remotely.

29. She received a letter dated September 17, 2018 from Kim Gregory, Human Resources Director, stating that Ms. Davis was required to come into the office a minimum of five (5) days per week to work within the AHEPA office.

30. Although AHEPA called this an accommodation, it was not as Ms. Davis was unable to drive to work due to her accident, and because her chronic PTSD, extreme anxiety and panic attacks prevented her from working in the AHEPA office.

31. This reasonable accommodation was recommended by Ms. Davis' physician because of the trauma caused by the accident in October of 2017.

32. She provided several letters to AHEPA from her physician relating to this need for a reasonable accommodation.

33. When AHEPA refused to reasonably accommodate Ms. Davis or even discuss any reasonable accommodations, she took the remainder of her FMLA leave because of her chronic PTSD, extreme anxiety and panic attacks.

34. Following her FMLA leave, Ms. Davis informed AHEPA that she was ready, willing and able to continue her employment at AHEPA, but she still required a reasonable accommodation of continuing to work remotely to do so.

35. AHEPA, however, refused to reasonably accommodate her and instead terminated Ms. Davis after more than twelve (12) years on January 28, 2019.

36. This all caused extreme financial and emotional distress.

37. As a direct and proximate result of the foregoing conduct:

    (a) Ms. Davis incurred and continues to incur a substantial loss of past, present and future income;

    (b) Ms. Davis has suffered damage to her career;

    (c) Ms. Davis has suffered mental and physical anguish; and

(e) Ms. Davis has incurred additional financial losses, including the costs associated with invoking her federally protected civil rights.

## VIII. STATEMENT OF CLAIMS

### COUNT I

*(Discrimination under the Americans with Disabilities Act,
42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008.)*

38. Ms. Davis incorporates the allegations of paragraphs 1 through 37 above and, in addition, states that Defendant's acts and omissions in this matter discriminated against her because of her disabilities, her record of disabilities, and/or being regarded as having a disability in violation of the ADA.

39. Defendant is engaged in an industry affecting commerce.

40. Defendant has employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

41. Defendant satisfies the definition of an "employer" within the meaning of Section 101 of the ADA, 42 U.S.C. § 12111(5)(a).

42. Ms. Davis at all times relevant herein had the requisite skill, experience, education and other job-related requirements of the position she held with Defendant.

43. Consequently, Ms. Davis is a qualified individual with a disability under 42 U.S.C. § 12111(8).

44. Ms. Davis is disabled within the meaning of the ADA; that is, she has a physical impairment, has a record of, and/or is regarded as having a physical impairment that substantially limits a major life activity, including but not limited to, caring for herself, sleeping, manual tasks, lifting, interacting with others, and working. Specifically, Ms. Davis suffers from chronic Post Traumatic Stress Disorder (PTSD) as well as extreme anxiety and panic attacks.

45. At all times relevant herein, Defendant was aware of Ms. Davis' disabilities and her need for reasonable accommodations.

46. Ms. Davis requested accommodations from Defendant orally and in writing on multiple occasions.

47. Defendant intentionally discriminated against Ms. Davis based on her disabilities when it failed to reasonably accommodate Ms. Davis by refusing to allow Ms. Davis to continue working remotely.

48. Furthermore, Ms. Davis' disabilities were the motivating factor in Defendant's decision to terminate Ms. Davis.

49. Defendant's failure to reasonably accommodate Ms. Davis and its termination of her employment were discriminatory actions taken against her because of her disabilities in violation of the ADA.

50. The reasons given for Ms. Davis' termination are a pretext for disability discrimination.

51. Other employees without disabilities were treated more favorably than Ms. Davis.

52. As a result of Defendant's discriminatory acts and omissions, Ms. Davis has suffered and will continue to suffer monetary damages and damages for mental anguish unless and until the Court grants relief.

## COUNT II

*(Retaliation under the Americans with Disabilities Act,
42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008.)*

53. Ms. Davis incorporates the allegations of paragraphs 1 through 52 above and, in addition, states that Defendant's conduct in this matter constituted retaliation against Ms. Davis following her requests for accommodation under the ADA.

54. Beginning in December 2017, Ms. Davis requested reasonable accommodations from Defendant because of her disabilities.

55. When Defendant informed Ms. Davis that it could not reasonably accommodate Ms. Davis in September of 2018, she requested further accommodations; this was protected activity.

56. Defendant refused to provide Ms. Davis with sufficient reasonable accommodations to allow her to continue to perform her essential job duties.

57. Defendant thus made it difficult for Ms. Davis to perform her job, because it refused to adequately accommodate her disabilities.

58. Because Ms. Davis requested accommodations under the ADA, Defendant unnecessarily terminated Ms. Davis. This was an adverse action by Defendant.

### IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Linda J. Davis prays for a judgment in her favor against Defendant, and prays that the following relief be awarded:

(a)  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice, which discriminate on the basis of disability, and from engaging in retaliation.

(b)  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for disabled individuals, and which eradicate the effects of its past and present unlawful employment practices.

(c)  Order Defendant to make whole Ms. Davis by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to Ms. Davis' pecuniary losses.

(d)  Order Defendant to make whole Ms. Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

(e)  Order Defendant to make whole Ms. Davis by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

(f) Order Defendant to pay Ms. Davis punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

(g) Order Defendant to pay Ms. Davis her special damages, in amounts to be determined at trial.

(h) Order Defendant to pay damages to Ms. Davis for any and all injuries to her career, in amounts to be determined at trial.

(i) Award Ms. Davis the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

(j) Grant such further relief as the Court deems necessary and proper in the public interest.

## X.  RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of federal and state law.

## XI.  JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jamie A. Maddox*
Sandra L. Blevins, Atty. No. 19646-49
Jamie A. Maddox, Atty. No. 26522-49
*Attorneys for Plaintiff Linda J. Davis*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com